UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL 2, ALBANY,
NEW YORK PENSION FUND by its
Administrator, Stephen J. O'Sick;
BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL 2, ALBANY,
NEW YORK HEALTH BENEFIT FUND
by its Administrator, Stephen J. O'Sick;
BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL 2, ALBANY,
 NEW YORK EDUCATION &
TRAINING FUND by its Trustees, Robert
Mantello, Pasquale Tirino, Luke Renna,
Michael Suprenant, Nicholas Tirino, Dale
Stehlin, Thomas Murray, Vic Mion, Kevin
Augustini, J. D. Gilbert, Thomas Marinello
and Todd Helfrich; BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL
PENSION FUND by David Stupar,
Executive Director; and BRICKLAYERS
AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY NEW YORK,
AFL-CIO by Robert Mantello, President,

                                    Plaintiffs,

     -against-                                              1:08-CV-00044 (LEK/RFT)

DiBERNARDO TILE AND MARBLE
CO., INC.; and GEORGE DiBERNARDO,
JR. Individually and as an Officer of
DiBernardo Tile and Marble Co., Inc.

                                    Defendants.
_____

**MEMORANDUM-DECISION and ORDER**

## I.    INTRODUCTION

Plaintiffs brought this suit pursuant to the Employee Retirement Income Security Act

("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*  Dkt. No. 1 ("Complaint").  On December 4,

2008, a Stipulation and Order of conditional discontinuance was entered in, stating that the parties

had reached a settlement agreement.  Dkt. No. 28 ("Stipulation and Order").  Presently before the

Court is Plaintiffs' Motion requesting that the Court: (1) reopen the case; (2) enforce a judgment

against Defendant; and (3) award attorney's fees to Plaintiffs.  Dkt. No. 29 ("Motion").  Defendant

filed a Response to the Motion, and Plaintiffs subsequently filed a Reply to the Response.  Dkt. Nos.

31 ("Response"), 32 ("Reply").  For the following reasons, the Court concludes that it lacks subject

matter jurisdiction to grant Plaintiffs' requests and denies Plaintiffs' Motion without prejudice.

## II.    BACKGROUND

On January 11, 2008, Plaintiffs filed the instant action, alleging, *inter alia*, that Defendant

had failed to remit fringe benefit contributions to a pension plan under ERISA.  See generally

Compl.; see also Dkt. No. 22 ("Amended Complaint").  The parties eventually reached a settlement

agreement, and on December 4, 2008, the Court entered a Stipulation and Order of conditional

discontinuance.  Stipulation  The Stipulation and Order did not contain the terms of the parties'

agreement and contained no language incorporating any such terms.  Id.  Instead, the Stipulation and

Order stated that "the action is settled and is conditionally discontinued without prejudice, reserving

Plaintiffs' rights to reopen the action and proceed with the entry of judgment."  Id.  The Stipulation

and Order makes mention of an agreement reached on November 10, 2008 ("the November 2008

Agreement"), but no such agreement was presented to the Court.  See generally Dkt.

Almost three years later, on September 7, 2011, Plaintiffs filed the instant Motion, alleging

that Defendant had failed to comply with the terms of the parties' agreement and that as a result

Plaintiffs were entitled to, *inter alia*, liquidated damages and attorney's fees.  See generally Mot.

Along with their Motion and other supporting documentation, Plaintiffs filed as "Exhibit A" what appears to be a copy of the November 2008 Agreement, signed by Defendant on November 10, 2008 and by Plaintiff Stephen J. O'Sick ("O'Sick") on April 15, 2009. Dkt. No. 29-3 ("Agreement"). The Agreement appears to lay out the terms of settlement, including provisions for the entry of a judgment and the payment of liquidated damages and attorney's fees in the event of Defendant's non-compliance or non-performance. See generally id. The Agreement also contains a provision stating that Defendant waives all defenses to the filing of the Agreement. Id. at 7.

Defendant filed a Response to the Motion, primarily relying on New York state contract law and arguing that the liquidated damages that Plaintiffs had requested amounted to an impermissible penalty. Response at 1-2. In their Reply, Plaintiffs quote language from the Agreement and argue that Defendant is obligated to pay liquidated damages and comply with the terms of the Agreement. See generally Reply.

## III.   LEGAL STANDARD

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). For a matter to properly be before a federal court, that court must have both subject matter and personal jurisdiction. Even if the parties themselves have not raised the issue, jurisdiction is a threshold issue which that a court must address and may raise *sua sponte*. See, e.g., Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012); Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional

questions that the parties either overlook or elect not to press"); Transatlantic Marine Claims

Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997).  If a federal court lacks

subject matter jurisdiction, it must dismiss the action.  See FED. R. CIV. P. 12(h)(3); Arbaugh v. Y &

H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v.

Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

## IV.    DISCUSSION

### A. Jurisdiction

In this case, no party has questioned the Court's jurisdiction.  See Mot., Resp., Reply.

However, mindful of its "independent obligation to ensure that [it does] not exceed the scope of [its]

jurisdiction," the Court addresses the issue of its subject matter jurisdiction *sua sponte*.  Henderson,

131 S.Ct. at 1202.  Therefore, the Court must apply Kokkonen to determine if the Court has

authority to enforce the settlement agreement, or if such enforcement is properly the province of

another court or the subject of another action.

An action seeking to enforce a settlement agreement "is more than just a continuation or

renewal of [a] dismissed suit, and hence requires its own basis for jurisdiction."  Kokkonen, 511

U.S. at 378.  It is "well-settled" that a district court may "exercise ancillary jurisdiction to enforce a

settlement agreement *only* if the dismissal order expressly retained jurisdiction over that particular

agreement, or incorporated it into the order."  State Street House, Inc. v. New York State Urban

Development Corp., 75 F. App'x 807, 810 (2d Cir. 2003) (citing Herrick Co., Inc. v. SCS

Communications, Inc., 251 F.3d 315, 327 (2d Cir. 2002) and Scelsa v. City University of New

York, 76 F.3d 37, 41 (2d Cir. 1996) (underlying action based on federal claim jurisdiction)); see

also Kokkonen, 511 U.S. at 378.  A "judge's mere awareness and approval of the terms of the

settlement agreement do not suffice to make them part of his order." Kokkonen, 511 U.S. at 381;

see also Scelsa, 76 F.3d at 41 ("The mere reference in the order to the Agreement does not

incorporate the Agreement into the order") (citing Miener v. Missouri Dep't of Mental Health, 62

F.3d 1126, 1128 (8th Cir. 1995)).  Further, in Kokkonen, the Supreme Court emphasized the

distinction between a new action to enforce a settlement agreement and "merely reopening . . . the

dismissed suit," recognizing that enforcement of a settlement agreement posed more jurisdictional

concerns and required an independent basis for jurisdiction.  Kokkonen, 511 U.S. at 381.

     Even if a dismissal order does not explicitly state that a court retains jurisdiction over a

claim and does not explicitly incorporate the terms of the settlement agreement into the order, a

federal court may still decide a motion to reopen a case and enforce a settlement agreement if an

independent basis for jurisdiction exists.  Id. at 382; see also Burke v. Lash Work Environments,

Inc., 408 F. App'x 438, 439-41 (2d Cir. 2011);[1] Murphy v. First Reliance Standard Life Ins. Co.,

---

[1]  In Burke, a pension fund and its trustees sued an employer and related entities, alleging
that defendants had breached a settlement agreement arising out of claims under ERISA. The district
court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, and the
Second Circuit reversed the decision.  Burke, 408 F. App'x at 438-41.  The Court provides this brief
synopsis of Burke because, at first blush, the Second Circuit's opinion might appear to demonstrate
the presence of subject matter jurisdiction in the instant case.  While the holding of Burke is of
course binding on the Court, and the Second Circuit's reasoning guides the Court in analyzing the
jurisdictional issue here, the Court concludes that Burke is clearly distinguishable here and does not
require the Court to rule on the merits of Plaintiffs' Motion.
     Without engaging in a lengthy discussion, the Court notes that the federal suit in Burke was
brought following an alleged breach of a settlement agreement.  That is, the federal claims that the
plaintiffs stated in their complaint revolved around the allegedly breached agreement; the defendants
were moving to dismiss the complaint, not opposing a motion to enforce a judgment.  See generally
id.  The alleged settlement agreement violation and ERISA violations in Burke were therefore
inextricably intermingled.  Here, on the other hand, Plaintiffs' Complaint itself alleged ERISA
violations, and the settlement represented a later effort to resolve these allegations.  Therefore, the
Court concludes that Burke does not speak directly to the situation at bar here, where the Court must
address a Motion to enforce as independent from a Complaint stating ERISA violations relating to a
breached settlement.

No. 00-CV-6647, 2008 WL 1787672 at *2 (E.D.N.Y. Apr. 17, 2008).

"[I]n cases involving settlement agreements whose enforcement requires interpretation or application of ERISA law, courts have ruled statelaw [sic] claims preempted and have found federal jurisdiction." Murphy, 2008 WL 1787672 at *2 (quoting Miele v. Pension Plan of N.Y. State Teamsters Conference Pension & Ret. Fund, 72 F. Supp. 2d 88, 95 (E.D.N.Y. 1999)); see also Burke, 408 F. App'x at 439-41.  However, even in ERISA cases, courts have found federal jurisdiction lacking where enforcing a settlement agreement requires applying principles of contract law as opposed to interpreting statutory provisions.  See, e.g., Peacock v. Thomas, 516 U.S. 349, 358 (1996) (finding no subject matter jurisdiction because "the alleged wrongdoing in this case took place after the ERISA judgment was entered"); Brown v. City of New York, No. CV 2009-1809, 2012 WL 628496, at *2-3 (E.D.N.Y. Jan. 30, 2012);  LaBarbera v. Dasgowd, Inc., No. CV-03-1762, 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007) (finding no subject matter jurisdiction to enforce an ERISA settlement and noting that "[a]ctions to enforce settlement agreements are, in essence, contract actions which are governed by state law"); cf.  Scelsa, 76 F.3d at 41 (finding jurisdiction lacking to enforce a settlement agreement when the underlying action involved a federal claim); Bryant v. Emigrant Mortg. Co., Inc., No. 10-CV-0102, 2011 WL 3876978, at *6 (E.D.N.Y. Aug.31, 2011) (stating that disputes over federal settlements, even those that resolve federal claims, are "quintessentially . . . of contractual interpretation and performance and wholly governed by state law"); Stone v. Credit Solutions Corp., No. 09-CV-281A, 2011 WL 2747572, at *2 (W.D.N.Y. June 21, 2011) (finding jurisdiction lacking to enforce a settlement agreement when the underlying action involved a federal claim).

Here, it is clear that the Stipulation and Order did not incorporate the terms of the

Agreement.  No such language ever appeared in the Stipulation and Order.  "In fact, [the Agreement] was never submitted to the Court.  Accordingly, under <u>Kokkonen</u>, the Court lacks ancillary jurisdiction to hear the settlement dispute."[2]  <u>Murphy</u>, 2008 WL 1787672 at *2 (citing <u>Buckhannon Bd. and Care Home Inc. v. West Va. Dep't of Health and Human Resources</u>, 532 U.S. 598, 604 n. 7 (2001)).  Similarly, the Stipulation and Order does not explicitly reserve the Court's jurisdiction to enforce the Agreement.  <u>See</u> <u>Scelsa</u>, 76 F.3d at 41 ("most importantly, the Dismissal Order neither expressly retains jurisdiction over the Agreement nor incorporates its terms.  The mere reference in the order to the Agreement does not incorporate the Agreement into the order") (citation omitted).[3]

While the Stipulation and Order does state that "the action is settled and is conditionally discontinued without prejudice, reserving Plaintiffs' rights to reopen the action and proceed with the entry of judgment," Stipulation, the Court considers such a statement to be geared towards

---

[2]  It is worth noting that because the Agreement was never submitted to the Court prior to the entry of the Stipulation and Order (or, indeed, at any point prior to the filing of Plaintiffs' Motion) the Court has not reviewed the terms of the Agreement.  <u>See</u> <u>LaBarbera</u>, 2007 WL 1531895, at *2 ("Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction.  <u>See</u> <u>Fidelity Mut. Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago</u>, 1994 WL 14635, at *2 (N.D.Ill.1994) ('Before a court will enforce a settlement agreement, the traditional elements of a contract must be met.').  As the Supreme Court has stated, 'federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.'  <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u>, 532 U.S. 598, 604 n. 7 (2001)") (additional citations omitted).  Further, the Supreme Court has embraced "a narrow approach to ancillary jurisdiction, grounded in a narrow reading of the terms of the court's final order."  Anthony C. Piccirillo, Note, *Sisyphus Meets Icarus: The Jurisdictional and Comity Limits of Post-Satisfaction Anti-Foreign-Suit Injunctions* 80 FORDHAM L. REV. 1407, 1428 (2011).

[3]  <u>See also</u> <u>Scelsa</u>, 76 F.3d at 41 ("the phrase 'except as set forth in the Settlement Agreement' could not have meant that the court would retain jurisdiction over the entire Agreement *when the court did not have the Agreement before it*") (emphasis added).

preserving Plaintiffs' rights and preventing Plaintiffs from being left without legal recourse, rather than guaranteeing that the Court will reopen the case for the sole purpose of enforcing a judgement.[4] That is, the Court concludes that a plain reading of the Stipulation and Order does not demonstrate an intent to preserve the Court's jurisdiction over all issues that might arise in relation to the enforcement of the Agreement – a document that the Court had neither inspected, approved, nor incorporated.[5]  See LaBarbera, 2007 WL 1531895, at *2 ("Once a lawsuit is settled and dismissed, the district court does not generally have ancillary jurisdiction to enforce the parties' settlement agreement.  A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement.") (quoting McKay v. U.S., No. 06-1194, 2006 WL 3291757, *1 (10th Cir. Nov. 14, 2006) (alterations in original).  Rather, the Stipulation and Order appears designed to insure that Plaintiffs' would not be precluded from pursuing appropriate remedies in the event of Defendant's failure to abide by the

---

[4] Cf. Brown, 2012 WL 628496, at *3 n.2 ("In Kokkonen, the Supreme Court emphasized the distinction between a new action to enforce a settlement agreement and 'merely reopening . . . the dismissed suit.'  Because the terms of settlement are contained in the stipulation of dismissal 'so-ordered' by this Court, this Court has effectively retained jurisdiction over the settlement.") (internal citations omitted).

[5]  In upholding a district court's decision that it did not have subject matter jurisdiction to enforce a settlement agreement, the Senond Circuit has emphasized the importance of the district court's intent:

> [A]lthough the Dismissal Order was drafted by the parties and stipulated to, it was not simply a stipulation or contract between them. When Judge Motley "so ordered" the dismissal, the document became an order of the district court. The judge therefore was construing her own order when she held that there was no jurisdiction. While the judge did not expressly state that she had not intended to retain jurisdiction over the Agreement, this is the only reasonable conclusion that can be drawn from her actions. Moreover, there are few persons in a better position to understand the meaning of an order of dismissal than the district judge who ordered it.

Scelsa, 76 F.3d at 42 (citing United States v. Local 359, United Seafood Workers, 55 F.3d 64, 68 (2d Cir. 1995) .

8

terms of the Agreement.  Cf. Murphy, 2008 WL 1787672, at *3 ("the Court finds that it may not exercise ancillary jurisdiction over the instant dispute pursuant to Kokkonen.  Plaintiff may have recourse under Rule 60(b)(6), or he may file a separate action"); Rolex Watch, U.S.A., Inc. v. Bulova Watch Co., Inc., 820 F. Supp. 60, 63 (E.D.N.Y. 1993).  Therefore, the Court cannot conclude that the Stipulation and Order provides a basis for the Court to exercise ancillary jurisdiction to enforce the settlement.

Even though the Court did not incorporate the terms of the Agreement into its Stipulation and Order and did not manifest a clear intent to exercise jurisdiction over future enforcement of the Agreement, the Court might still appropriately exercise jurisdiction over Plaintiffs' Motion if a federal question persists.  Burke, 408 F. App'x at 439-41.  The Court finds no such federal foothold here.  While the Court is mindful of the federal courts' exclusive jurisdiction over ERISA matters and also of the clear ubiquity of federal issues in Plaintiffs' initial Complaint, the Court concludes that the Motion and the request that the Court enforce the Agreement require a state law contract analysis and do not implicate the niceties of ERISA.  See, e.g., Peacock, 516 U.S. at 358 ("the alleged wrongdoing in this case took place after the ERISA judgment was entered . . . .  Other than the existence of the ERISA judgment itself, this suit has little connection to the ERISA case"); Brown, 2012 WL 628496, at *3 ("such an action is simply 'a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit,' the effect of which is that 'enforcement of the settlement agreement is for state courts unless there is some independent basis for federal jurisdiction.'") (quoting Kokkenen, 511 U.S. at 381-82); see also Scelsa, 76 F.3d at 41 (finding no subject matter jurisdiction despite the fact that the settlement agreement was entered into to resolve a claim under federal statute).

Here, enforcement of the Agreement appears to hinge on a determination of: (1) whether Defendant failed to abide by the terms of the Agreement; and (2) whether the terms of the Agreement that relate to liquidated damages comport with principles of contract law.  The Court is unconvinced that either of these avenues of analysis require any degree of engagement with ERISA or other federal law.[6]  Absent any need to interpret provisions of ERISA or apply federal law, the resolution of this matter falls outside of the province of the federal courts and would appropriately be resolved as a contract dispute in state court.[7]  Therefore, the Court denies Plaintiffs' Motion requesting the Court to reopen the case, enforce judgment against Defendant, and award attorney's fees.[8]

---

[6]  See also Note 1, *supra*.

[7]  The Court notes that even if questions of ERISA's application were implicated in enforcement of the Agreement, the enforcement might properly be the matter of a *separate* federal action or might be more appropriately addressed using a different procedural mechanism.  In declining to exercise jurisdiction to enforce a settlement agreement, the court in Murphy noted that:
> The Court agrees with plaintiff that pursuant to [Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc., 97 F.3d 1479 (D.C.Cir. 1996)], and in contrast to Kokkonen which was a breach of contract case founded upon diversity, resolution of the instant dispute, viz. interpretation of the policy provisions regarding COLA payments, requires the application of federal ERISA law.  However, in Madison Hotel, the D.C. Circuit found that because enforcement of the settlement agreement required application of federal ERISA law, the lower court had subject matter jurisdiction over a *separate* suit to enforce the settlement. Similarly, other cases citing Madison Hotel have involved separate actions brought for the sole purpose of enforcing a settlement agreement. . . .  Here, plaintiff has not brought a separate action. . . . Thus, the issue remains whether the Court may hear plaintiff's dispute in this action, which has been closed for over three years.  In some situations and in some circuits, the breach of a settlement agreement, if it is substantial enough, may suffice as an 'extraordinary circumstance' justifying relief under [Federal] Rule [of Civil Procedure] 60(b)(6). . . . Plaintiff has not sought relief under this rule.

2008 WL 1787672 at *2-3 (citations omitted).

[8]  The Court denies the request for attorney's fees at this time without addressing the merits. Resolution of the attorney's fees issue is appropriately addressed following a decision by this or another court on the merits of Plaintiffs' substantive claims and requests for damages.

**B.  Leave to Re-File**

In concluding, the Court emphasizes that it has addressed the jurisdictional question *sua sponte* and absent any briefing from the parties.  That the Court finds denial of Plaintiffs' Motion the only proper course of action in no way leaves Plaintiffs without recourse if – as alleged – Defendant has failed to abide by the terms of the parties' Agreement and if Plaintiffs wish to persist in pursuing this judgment.  Nevertheless, cognizant of the fact that the Stipulation and Order discontinued the case without prejudice, and in an effort to avoid unnecessary and costly duplicate litigation and to ensure that the parties are heard fully, the Court denies Plaintiffs' Motion without prejudice.  If Plaintiffs wish to re-file, they must do so within thirty days.  Plaintiffs are advised that if they do so, they must provide full briefing on the jurisdictional question and the enforceability of the Agreement's liquidated damages provisions.[9]

**V.       CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 29) requesting that the Court reopen the case, enforce a judgement against Defendant, and award attorney's fees is **DENIED without prejudice**.  If Plaintiffs wish to re-file a motion seeking the same relief, they must do so **within thirty (30) days**.  Plaintiffs are advised that if they do so, they must provide full briefing on the jurisdictional question and the enforceability of the Agreement's liquidated damages provisions; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

---

[9]  By including these instructions, the Court indicates no opinion on the merits of Plaintiffs' claims or on the potential for success of a re-filed Motion.  However, in the interests of judicial economy and of sparing the litigants unnecessary costs and delays, the Court finds it appropriate to highlight the issues that it would have to resolve should this matter come before it again.

**IT IS SO ORDERED**.


DATED:        August 14, 2012
              Albany, New York


Lawrence E. Kahn
U.S. District Judge